WILLIAM F. SHEEHAN, Plaintiff and Respondent, *v.* E. A. DeWITT, Defendant and Appellant.

No. 11579.
June 12, 1969.
Rehearing Denied July 16, 1969.
456 P.2d 49.

Erickson & Erickson, Helena, Leif B. Erickson (argued), Helena, for appellant.

Knight, Dahood & Macday, Anaconda, Wade J. Dahood (argued), Anaconda, William F. Sheehan, County Atty., Philipsburg, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opion of the Court.

This is an appeal from a judgment entered on a jury verdict. This is the second appearance of the case in this Court, Sheehan v. DeWitt, 150 Mont. 86, 430 P.2d 652. It is an action to recover damages for an assault upon the plaintiff-respondent, William F. Sheehan, by the defendant-appellant, E. A. DeWitt. At the first trial the jury awarded plaintiff $1,500 compensatory damages and $5,000 punitive damages. On appeal this Court found the awards excessive and ordered that they be reduced or the case be retried. On retrial the jury reduced the award of compensatory damages to $1,000 but found for the plaintiff as to punitive damages in the amount of $5,000.

The facts leading up to the assault are well set forth in the first case, Sheehan v. DeWitt, supra. In our consideration of this second appeal we believe it important, in view of the action by the jury, to emphasize certain facts. First, the defendant had at some time during his career practiced law and his awareness of the consequences of his act is quite evident from his testimony in the second trial. Second, a jury at the first trial had awarded $1,500 compensatory damages and $5,000 punitive damages and such an award could be repeated by the second jury. In spite of these facts the defendant evidenced no remorse at the second trial, rather he appeared to glory in the limelight of the affair.

The sole issue on this appeal is the question of damages for the Court found for the plaintiff on the question of liability on the first appeal.

The only medical witness, as in the first case, was Dr. John Cunningham whose testimony at the second trial covered not only caring for the contusions on the lower lip of plaintiff, for which he charged the plaintiff $6.00, but he went further and discussed the emotional and psychosomatic aspects of the affair as they applied to plaintiff.

The doctor established that we all have a different emotional

threshold. "In other words, pressure on the mind that is required or that it takes to cause a person to deviate from his normal reactions to the things in life."

In addition, in reply to a lengthly hypothetical question in regard to the emotional disturbance that could be caused to plaintiff, Dr. Cunningham testified:

"A. I feel that the, that the incident about which we're talking, could and probably did cause this emotional disturbance."

The plaintiff testified that the incident caused him considerable embarrassment, lack of confidence to do his work and to be emotionally upset until the first jury vindicated him. These conditions were further supported by the testimony of his 18 year old daughter and a local business man. In addition Dr. Cunningham further testified:

"Q. Now, Doctor Cunningham, in your opinion, is an emotional disturbance sometimes as disabling or as discomforting as a physical injury? A. Yes, indeed. In fact, sometimes more so."

Two issues as to damages are presented on this appeal—(1) whether the amount of the compensatory damages was excessive and, (2) whether the exemplary damages are excessive.

■ Here, we must consider not only the physical but the emotional aspects resulting from the assault. Due to the unique character of these types of cases it is difficult to set a standard or a rule of law from which the amount of recovery can be determined. The fact situation in each case being so diverse each case must of necessity rest on its own peculiar facts. 6 C.J.S. Assault & Battery § 56 (1969 P.P.).

The general rule as to damages recoverable for mental suffering resulting from an assault and battery is beyond dispute. In 6 C.J.S., Assault & Battery § 54(2), page 898, a judicial guideline is set forth as follows:

"Proper items for consideration in fixing compensatory damages are plaintiff's wounded feelings, mental suffering, humilia-

tion, degradation, and disgrace, where such mental suffering is the proximate and natural result of the assault, although no battery or serious bodily injury was inflicted, and even though not specially pleaded. Included therein, and, therefore, a proper matter for consideration is the disgrace to plaintiff's family, his shame, and the injury to his social standing."

■ We find sufficient testimony was introduced at the second trial to support the $1,000 compensatory judgment.

■ ■ Concerning the second issue we find no error. The right to punitive damages is not based on the amount of force used. The only question as to whether punitive damages will be allowed is whether the defendant was in a malicious state of mind. Vaughn v. Mesch, 107 Mont. 498, 87 P.2d 177. Indication of the defendant's state of mind is evidenced in the testimony given at the second trial:

"Q. All right. Now, Mr. DeWitt, you struck Mr. Sheehan in his own office, did you not? A. Yeah. The county office.

"Q. Isn't that right? A. Yeah.

"Q. And you reached to stop him from using the telephone in his own office, isn't that correct? A. No sir.

"Q. He was in his own office when he attempted to pick up the telephone, was he not? A. But I had already hit him before he picked up the telephone.

"Q. Yes, and then when he tried to pick up the telephone you reached to take the telephone out of his hand? A. That's correct.

"Q. And that was in his own office, wasn't it? A. He oc-occupies it, yes.

"Q. Now, Mr. DeWitt, I take it you will agree that what you did that day you shouldn't have done? A. Well, here is the point.

"Q. I'm asking you, Mr. DeWitt—A. He said I stole a herd of cattle and I couldn't stand for it.

"THE COURT: Now, that is not responsive, Mr. DeWitt.

You will have to answer the question. Will you read the question? (QUESTION READ.)

"A. No, I should have done it.

"Q. (By Mr. Dahood): You should have done it? A. Yes, sir.

"Q. You should have done what you did? A. Absolutely.

"Q. You should have hit him in the face, what you did ·do? A. That's right."

In the first case, Sheehan v. DeWitt, supra, we held that punitive damages were proper in this case. The attitude and testimony of defendant DeWitt at both trials convinces us that the amount of punitive damages awarded by both juries is not excessive.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL and BONNER, concur.

MR. JUSTICE CASTLES (dissenting)

I dissent. Accepting all the testimony about emotional disturbance leaves me unimpressed. The evidence reveals that plaintiff, in addition to being the county attorney, was a newspaper correspondent or writer and in his own article told about the incident so that the reading public throughout the area was informed. Clearly plaintiff publicly advertised the incident and if any embarrassment occurred it would appear that he may have brought it on himself. As reflected in our opinion in Sheehan v. DeWitt, 150 Mont. 86, 430 P.2d 652, a criminal charge brought by plaintiff as county attorney for assault resulted in a verdict of not guilty. If defendant had been found guilty, the maximum fine would have been $500. Yet the majority opinion approves general damages of $1,000 and punitive damages of $5,000 when the proof of special damage was $6 and proof of general damages minimal. I think the verdict was excessive.